Prindle agt. Carruthers.

## SUPREME COURT.

### GRAHAM PRINDLE agt. WILLIAM CARRUTHERS.

By the 162d section of the Code, which provides that in an action or defence, founded on an instrument for the payment of money only, it shall be sufficient to give a copy of the instrument, and to state that there is due thereon from the opposite party a specified sum, which is claimed, it was never intended to dispense with a statement of *other necessary facts constituting the cause of action*, and connecting the plaintiff formally and legally therewith.

Although this provision relieves the party from setting out the instrument according to its *legal effect*, yet he must state his *interest* in or *title* to the instrument, and such *other facts outside* of it as are necessary to enable him to recover upon it.

The complaint in this case, being one of the "plainest kind" of declarations upon a written instrument, necessarily raised the question, what was necessary to be stated and averred to constitute a cause of action in such cases?

*Herkimer Special Term, August,* 1854.—Demurrer to complaint.

The complaint of the plaintiff was as follows :—

" The plaintiff in this action complains that the defendant, on the 4th day of July, 1851, made his promissory note or contract in writing, of which the following is a copy :

" Russia, July 4th, 1851.

" For value received, I promise to pay to Henry Carruthers, or his wife Elizabeth, annually, on the first day of April, during the life of the longest liver of them, the sum of two hundred dollars, if called for or needed.

" WILLIAM CARRUTHERS."

" And the plaintiff avers, that said note or contract is, and was, prior to the first day of April, 1854, the property of the plain-

VOL. X 3

tiff by purchase; and that Henry Carruthers therein named died on the 30th day of March, 1852; that his wife Elizabeth is living.

"That on the 2d day of May, 1854, the plaintiff, by his attorney, demanded of the defendant the two hundred dollars, which became payable on or after the 1st day of April, 1854; that the defendant has not at any time paid the said two hundred dollars, nor any part thereof; that the defendant is justly indebted to the plaintiff therefor in the sum of two hundred dollars with interest thereon from the 2d day of May, 1854, for which sum the plaintiff demands judgment against the defendant, besides costs of this action."

The complaint was duly verified by the plaintiff. The defendant demurred on the ground that it appeared on the face of the complaint that it did not state facts sufficient to constitute a cause of action, and specified several grounds or causes of demurrer.

JOHN G. CRAMER, *for plaintiff.*
FRANCIS KERNAN, *for defendant.*

BACON, Justice. The complaint in this case is as absolutely denuded of all the drapery appropriately belonging to a pleading, as a complaint can well be. The plaintiff's counsel, however, supposes it to be authorized and sanctioned by § 162 of the Code, which provides that in an action or defence founded on an instrument for the payment of money only, it shall be sufficient to give a copy of the instrument, and to state that there is due thereon from the opposite party a specified sum which is claimed.

The object of this provision was doubtless to simplify and abbreviate the pleadings in cases to which it was appropriate. But it never could have been intended to dispense with a statement of other necessary facts constituting the cause of action, and connecting the plaintiff formally and legally therewith. Such construction would practically nullify the 142d section of the Code, which points out the essential requisites of a complaint.

This is the view taken of the section by WELLES, J., in Bank of Geneva agt. Gulick, (8 *How.* 51,) and there is much good sense in the decision.

The provision in question was intended to relieve the party from setting out the instrument according to its legal effect; but he must still state his interest in or title to the instrument, and such other facts outside of it as are necessary to enable him to recover upon it.

Bearing this in view, and applying the ordinary and well-established rules of pleading under the Code, and those principles which have not been abrogated by it, the complaint is defective in almost all the essentials of an approved pleading.

The instrument counted on in this case is not a promissory note, being payable in the alternative to either of two persons, and upon a contingency which may or may not happen. It is like an agreement to pay a certain sum at a future date, provided the promissor is then living. (*Chitt. Bills,* 135.) The instrument in this case is a special contract to pay one Henry Carruthers, *or* his wife Elizabeth, annually, on the 1st of April, during the life of the longest liver, two hundred dollars, *if called for, or needed.* Such an instrument requires a consideration to support it, and a consideration should be averred in the complaint. It is not enough that on the face of the instrument it is expressed to be " for value received." That may support the allegation of consideration when the instrument is proved on the trial, but the defendant is entitled to have the averment made in the complaint, so that he may, if he desires, take a direct issue upon the point.

Again, the complaint is defective in respect to the proper averments of the plaintiff's title to the instrument on which he seeks to recover: all the allegation on that subject is that " prior to the 1st of April, 1854, the note or contract became the property of the plaintiff by purchase." He neither avers when, nor of whom he purchased it, nor upon what consideration. Possibly this last averment would not be required; but in order that the defendant may, if he desires, contest the plaintiff's title, it is essential that the complaint should ap-

prise him of the source of the title, and when it accrued. It may be quite material to know of whom the purchase was made. If of a stranger to the contract, it may have been of one who possessed himself of the instrument *mala fide*, and was incapable of transferring any interest in it. If of Henry Carruthers in his lifetime, it may be a serious question what interest the plaintiff took, and whether he could entitle himself to collect anything after the death of Henry. If after his decease, did the personal representatives of Henry undertake to assign the instrument, and if so, had they any interest whatever in the contract? Or did he receive it from Elizabeth Carruthers after the decease of Henry? If it be as the plaintiff will insist, and has contended on the argument, that the entire interest in the contract passed to Elizabeth, as survivor on the death of Henry, still the defendant is entitled to claim that the averment of such transfer be made, to the end that he may raise the question by demurrer, or otherwise, if so advised, whether such legal consequence of survivorship followed, or whether the representatives of the deceased party had any title or interest therein. On these questions I intimate no opinion whatever; and it may be that no legal difficulty will attach to the plaintiff's title, but it is the right of the defendant to insist that the plaintiff shall show his hand, in order that the legal rights of the parties may be properly presented in the pleadings, and be satisfactorily determined by the court.

And so as to the *time* when the plaintiff became the owner of the instrument, *non constat*, that the defendant may not have a valid set-off against the original party who transferred the instrument, or some other defence specific and personal as to him, but which he is in no condition to set up until he is apprised of the time when the plaintiff's title accrued.

The contract, it will be seen, is not negotiable in terms, and contains an agreement to pay one of two persons named therein a specific sum on a given day in the year, if one or the other called for or needed it. It may be a serious question whether any liability attaches to defendant by a demand made by a third party, and at a time different from the day named and

designated in the contract, and whether a stranger to the contract can put the defendant in default, not by alleging any need of the money by any party, but by simply averring that the contract is his by purchase, and that he demanded the money on the 2d of May, 1854. For the purpose of deciding this demurrer, however, it is not necessary to pass upon this question, and no opinion is intimated in regard to it. But for the reasons before assigned, I consider the pleading entirely defective; and the result is, that there must be judgment for the defendant, on the demurrer, with leave to the plaintiff to amend on payment of costs.